a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DERECK TAYLOR JR., Plaintiff | CIVIL ACTION NO. 1:18-CV-1490-P |
| VERSUS | JUDGE DEE D. DRELL |
| MARY DOGGETT, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Dereck Taylor Jr. ("Taylor") (#594882). (Docs. 1, 5). Taylor is a pretrial detainee, currently housed at the Rapides Parish Detention Center in Alexandria, Louisiana. He names as Defendants Judge Mary Doggett, Correctional Officer J. Morrow, and Correctional Officer B. Neal. (Doc. 5, p. 3). Taylor challenges the criminal charges pending against him in the Ninth Judicial District Court, Rapides Parish. Taylor seeks compensatory damages as well as the dismissal of the charges.

Because Judge Doggett is immune from suit; the dismissal of charges cannot be obtained in a civil rights action; and Taylor presents no claims against Defendants Morrow and Neal, the Complaint (Docs. 1, 5) should be DENIED and DISMISSED WITH PREJUDICE.

I. Background

Taylor alleges that he was arrested and charged with attempted second-degree murder. (Doc. 1-2, p. 7). According to information provided to the Court in a prior lawsuit, Taylor filed a motion to dismiss his criminal case for lack of jurisdiction,

which Judge Doggett denied. (1:17-cv-999, Doc. 1, p. 5). Judge Doggett determined that Taylor needed an attorney and could not represent himself in the criminal proceeding. (1:17-cv-999, Doc. 1, p. 5). Taylor also previously alleged that Judge Doggett sent him to the Eastern Louisiana Mental Health System "to be competent again." (1:17-cv-999, Doc. 1, p. 5).

Taylor is now incarcerated at the Rapides Parish Detention Center. Taylor claims that Judge Doggett failed to adequately inform him of the charges against him and denied his motions to dismiss for lack of jurisdiction. (Doc. 1, p. 1; Doc. 5, p. 3).

Taylor also lists as Defendants Correctional Officers Morrow and Neal (Doc. 5, p. 3), but he does not provide any allegations involving those Defendants.

II. Law and Analysis

  A. Taylor's Complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Taylor is an inmate who has been allowed to proceed in forma pauperis. (Doc. 13). As a prisoner seeking redress from an officer or employee of a governmental entity, Taylor's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Because he is proceeding in forma pauperis, Taylor's Complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for sua sponte dismissal of the Complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

2

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

B. Judge Doggett is entitled to immunity.

Taylor claims that Judge Doggett failed to adequately inform him of the charges against him and improperly denied his motions to dismiss for lack of jurisdiction. (Doc. 5, p. 3). "Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." Stump v. Sparkman, 435 U.S. 349, 359 (1978). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). Taylor's claims against Judge Doggett arise exclusively from the execution of a judicial function and should thus be dismissed.

C. Taylor cannot obtain the dismissal of state charges in a § 1983 suit.

A prisoner may not challenge the validity of a state criminal proceeding in a § 1983 suit. Such a claim must be raised in a petition for writ of habeas corpus. See Jackson v. Torres, 720 F.2d 877, 879 (5th Cir. 1983); Johnson v. Hardy, 601 F.2d 172,

174 (5th Cir. 1979). However, a prisoner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b).

### D. Taylor does not state a claim against Defendants Morrow or Neal.

Taylor lists Correctional Officers Morrow and Neal as Defendants on his Complaint form. (Doc. 1, p. 3). However, Taylor provides no factual allegations involving these Defendants. The officers were not involved in Judge Doggett's alleged failure to adequately inform Taylor of the charges against him or her denial of Taylor's motions to dismiss for lack of jurisdiction.

### III. Conclusion

Because Judge Doggett is immune from suit; the dismissal of charges cannot be obtained in a civil rights action; and Taylor presents no claims against Defendants Morrow and Neal, IT IS RECOMMENDED that Taylor's § 1983 Complaint (Docs. 1, 5) be DENIED and DISMISSED WITH PREJUDICE under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this \_\_1st\_\_ day of March, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge